STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUANITA RAKES, WIDOW OF
NOAH A. RAKES,
Claimant Below, Petitioner**

**vs.)    No. 12-1356** (BOR Appeal No. 2047170)
                        (Claim No. 830062468)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**NEW RIVER COMPANY,
Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Juanita Rakes, widow of Noah A. Rakes, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed an April 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 16, 2010, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rakes, a coal miner, developed occupational pneumoconiosis in the course of his employment. During his lifetime, he received a total award of 15% permanent partial disability due to occupational pneumoconiosis. Mr. Rakes passed away on December 9, 2009. The amended death certificate listed the cause of death as end-stage Alzheimer's dementia and congestive heart failure. Occupational pneumoconiosis was listed as a contributing factor. The claims administrator denied Mrs. Rakes's request for dependents' benefits on August 16, 2010.

In a report dated January 26, 2010, Clinton Curtis, M.D., found that Mr. Rakes had moderate impairment due to occupational pneumoconiosis and that occupational pneumoconiosis hastened or contributed to Mr. Rakes's death, because he ultimately developed a pulmonary mass and respiratory failure which was hastened by his underlying lung disease. On the contrary, Gregory Fino, M.D., found in his November 14, 2011, record review that there was no evidence that respiratory disease contributed to Mr. Rakes's death. Dr. Fino opined that he died as a result of natural causes due to diseases of the general medical population, and he would have died as he did, when he did, regardless of his occupational pneumoconiosis.

The Occupational Pneumoconiosis Board found on May 20, 2010, that occupational pneumoconiosis was not a material contributing factor in Mr. Rakes's death. Jack Kinder, M.D., of the Occupational Pneumoconiosis Board, testified in a hearing before the Office of Judges on February 12, 2012. He stated that there was sufficient evidence in this case to make a diagnosis of occupational pneumoconiosis. However, he opined that the death certificate was wrong, because the cause of death was actually bilateral pneumonia and congestive heart failure. Occupational pneumoconiosis was determined not to be a material contributing factor in Mr. Rakes's death. Mr. Rakes had advanced Alzheimer's disease and developed pneumonia due to aspiration. Dr. Kinder opined that occupational pneumoconiosis did not contribute to the progression of Alzheimer's disease nor did it contribute to, aggravate, or prevent the treatment of pneumonia. Mahendra Patel, M.D., and John Willis, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges affirmed the claims administrator's decision in its April 19, 2012, Order. It found that a preponderance of the evidence indicated that occupational pneumoconiosis did not contribute in any material degree to Mr. Rakes's death. The Office of Judges found the Occupational Pneumoconiosis Board's opinion to be persuasive because it was supported by medical reports from Beckley Veteran Administration's Medical Center. Those reports showed that Mr. Rakes received treatment for recurring pneumonia. Dr. Curtis's opinion was found to be less persuasive than the Occupational Pneumoconiosis Board's because he did not appear to consider the role end-stage Alzheimer's disease played in Mr. Rakes's death.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 24, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease

2

exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Commissioner*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record indicates that occupational pneumoconiosis did not contribute in any material degree to Mr. Rakes's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II